

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 29, 1939

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:

Opinion No. O-669
Re: Refund of rentals paid
on Trinity river bed
Oil & Gas lease

This is in reply to your letter of April 20, 1939. In your letter you refer to Conference Opinion No. 3044 rendered by this department on March 29, 1939, in which opinion it was held that annual rentals of $2.00 per acre rather than 25 cents per acre should have been paid for the past eight years by the lessee under oil and gas lease No. 12724 covering 398.229 acres of the Trinity River bed in Liberty County, Texas. You state that the lessee in such lease, upon being informed of our opinion, insists that all 25 cent per acre rental payments made by her should be refunded to her. You further state that the Land Office has been accepting the 25 cents per acre rental payments and has allowed the lease to continue without any attempt being made to forfeit same.

The question you ask is:

"Is Mrs. O'Brien (the lessee) under the circumstances entitled to a refund of all of these payments at 25 cents per acre under a misconception of the law relative thereto?"

As the Land Office has made no attempt for the past eight years to forfeit the lease held by Mrs. O'Brien, notwithstanding her deficient payment of rentals, the

result has been that she has secured all the benefits conferred by the State's lease to the same extent as would have been procured by a full payment of $2.00 per acre annual rental. To refund the amount paid by the lessee at this time would, in effect, permit the lessee to receive the benefits of the lease for a period of seven years without any consideration having been paid therefor. We are unable to discern any factual basis for the lessee's claim of a right to a refund.

We are further of the opinion that Section 44 of Article 3 of the Constitution of Texas, which prohibits the Legislature from granting, by appropriation or otherwise, any amount out of the State Treasury, to any individual on a claim, real or pretended, when the same shall not have been provided for by pre-existing law has the effect of prohibiting a refund of the rentals heretofore paid by Mrs. O'Brien. We know of no pre-existing law which provides for the refunding of such rentals to Mrs. O'Brien under the circumstances related in your letter.

We must, therefore, advise you that, in our opinion, no refund of the rentals in question should be made.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Robert E. Kepke_

Robert E. Kepke
Assistant

REK:BT

APPROVED:

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS